```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

BRADLEY HAROLD ANDREWS,          §
(Tarrant No. 0497106)            §
    Petitioner,                 §
VS.                              §     CIVIL ACTION NO.4:13-CV-120-Y
                                 §
DEE ANDERSON, Sheriff,           §
Tarrant County, Texas,           §
    Respondent                  §

### ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Bradley Harold Andrews under 28 U.S.C. § 2254, the Court has made an independent review of the following matters:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on April 15, 2013; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on May 22, 2013.[1]

The Court, after **de novo** review, concludes that the petitioner's objections must be overruled, that the respondent's motion to dismiss should be granted, and that the petition for writ of habeas corpus must be dismissed, for the reasons stated in the magistrate judge's findings and conclusions.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Respondent's motion to dismiss (doc. 10) is GRANTED, and the

---

[1] This is one of four petitions for relief under 28 U.S.C. § 2254 filed in this Court by Tarrant County jail inmate Bradley Harold Andrews challenging separate disciplinary cases he sustained while housed in the Tarrant County jail: *Andrews v. Anderson*, Nos.4:12-CV-935-Y, 4:12-CV-936-Y, 4:13-CV-120-Y, and 4:13-CV-122-Y. Andrews filed collective objections to the magistrate judge's report in each case. Two other petitions for relief under 28 U.S.C. § 2254 filed by Andrews challenging disciplinary cases were recently dismissed. *Andrews v. Anderson*, Nos. 4:13-CV-119-A and 4:13-CV-121-A (both orders of May 6, 2013).

petition for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for failing to state a cognizable claim.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[2] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[3] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[5]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Andrews has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the April 15, 2013, Findings, Conclusions, and Recommendation of the United States

---

[2]*See* Fed. R. App. P. 22(b).

[3]Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009).

[4]28 U.S.C.A. § 2253(c)(2)(West 2006).

[5]*Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Magistrate Judge.[6]

Therefore, a certificate of appealability should not issue.

SIGNED June 5, 2013.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[6] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).